1
2
3
4
5
6
7

8                       UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   ELBERT LEE VAUGHT, IV,                    Case No.: 3:20-cv-01728-DMS-MSB
     CDCR #H-56089,
12                                             **ORDER:**
                                 Plaintiff,
13                                             **1) GRANTING MOTION TO**
     v.                                        **PROCEED IN FORMA PAUPERIS**
14
     B.D. PHILLIPS, Associate Warden; S.       **2) DENYING MOTION TO**
15   LIVELO, Assigned Case Records             **APPOINT COUNSEL;**
     Analyst; RALPH DIAZ, Secretary of
16   CDCR; M. POLLARD, Warden,                 **3) DISMISSING CIVIL ACTION**
                                               **SUA SPONTE FOR FAILING TO**
17                               Defendants.    **STATE A CLAIM; and**
18
19                                             **4) DENYING MOTION FOR**
                                               **PRELIMINARY INJUNCTION**
20
21                                             **[ECF Nos. 2, 4, 5]**
22
23

24        Elbert Lee Vaught IV ("Plaintiff"), a state inmate currently incarcerated at the

25   Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California and

26   proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See*

27   Compl., ECF No. 1.

28   / / /

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a certified copy of his inmate trust account statement which the Court liberally construes as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 5.) In addition, Plaintiff has filed a Motion to Appoint Counsel, along with a Motion for Preliminary Injunction. (ECF Nos. 2, 4.)

## I.    Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by an RJD accounting officer.  *See* ECF No. 5 at 1; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate attests that Plaintiff carried an average monthly balance of $48.10 and had average monthly deposits of $63.33 to his account over the 6-month period immediately preceding the filing of his Motion. Thus, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 5) and assesses his initial partial filing fee to be $12.67 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Secretary of the CDCR, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II.    Motion to Appoint Counsel

Plaintiff also seeks the appointment of counsel because he is unable to afford a lawyer and claims his imprisonment will limit his ability to litigate. (Pl.'s Mot., ECF No. 2 at 2.)

1    However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept.*
2    *of Social Servs.,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir.
3    2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to
4    "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of*
5    *America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only
6    under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017
7    (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider
8    whether there is a 'likelihood of success on the merits' and whether 'the prisoner is
9    unable to articulate his claims in light of the complexity of the legal issues involved.'"
10   *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d
11   at 970).
12       As currently pleaded, Plaintiff's Complaint demonstrates neither the likelihood of
13   success nor the legal complexity required to support the appointment of pro bono counsel
14   pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at
15   970. First, while Plaintiff may not be formally trained in law, his allegations, as liberally
16   construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), show he nevertheless is fully
17   capable of legibly articulating the facts and circumstances relevant to his claims which
18   are not legally "complex." *Agyeman*, 390 F.3d at 1103. Second, for the reasons discussed
19   more fully below, Plaintiff's Complaint requires sua sponte dismissal pursuant to 28
20   U.S.C. § 1915(e)(2) and § 1915A, and it is simply too soon to tell whether he will be
21   likely to succeed on the merits of any potential constitutional claim against any of the
22   named Defendants. *Id.*
23       Therefore, the Court finds no "exceptional circumstances" currently exist and
24   DENIES Plaintiff's Motion to Appoint Counsel (ECF No. 2) without prejudice on that
25   basis. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of
26   counsel where prisoner could articulate his claims in light of the complexity of the issues
27   involved, and did not show likelihood of succeed on the merits).
28

3:20-cv-01728-DMS-MSB

**III.    Screening Pursuant to 28 U.S.C. § 1915(e)(2)**

    A.    <u>Standard of Review</u>

A complaint filed by any person proceeding in forma pauperis is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the

petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.  Discussion

1.  42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

2.  Factual allegations

On July 10, 2020, Plaintiff, after "figuring out if I do not take measures into my own hands I might not ever get out of prison," wrote to the Secretary for the CDCR regarding his concerns about the "global pandemic, Covid-19." (Compl. at 6.)  Plaintiff received a response from "B.D. Phillips, Associate Warden, Business Services." (*Id.*)  In this response, Plaintiff alleges that Phillips acknowledged Plaintiff's "concerns for my health" and listed the "steps they are taking to protect the inmate population" from Covid-19. (*Id.*)  However, Plaintiff claims that all the named Defendants are "personally aware" of his situation and argues that it is "virtually impossible for them to accommodate my need of 6 feet of social distancing with the current population." (*Id.* at 7.)  Plaintiff maintains that because there is no "vaccine or cure for Covid-19," the "only way to stop it from spreading" is "primarily through social distancing." (*Id.* at 8.)

Plaintiff claims he should be on the "list for release" due to his "case factors, crime incarcerated for, medical risk, and time (amount) already served." (*Id.* at 9.)  Plaintiff argues that this "proves [Defendants] deliberate indifference to my health and safety" and because it is "impossible for the CDCR to afford me the simple safety of a 6-foot social distance . . . the only option [is] to let me go." (*Id.*)

1   Plaintiff seeks "punitive and nominal damages" in the amount of $200 per day

2   beginning January 15, 2020 to the present.  (*Id.* at 10.)  Plaintiff also seeks injunctive

3   relief.  (*See id.*)

4          3.   Eighth Amendment

5          To state an Eighth Amendment claim, the "alleged constitutional deprivation must

6   be, objectively, sufficiently serious" such that the "official's act or omission must result

7   in the denial of the minimal civilized measure of life's necessities."  *Farmer v. Brennan*,

8   511 U.S. 825, 834 (1994) (internal quotations omitted).  In addition, Plaintiff must allege

9   that prison officials were "deliberately indifferent" to his serious medical needs.  *Estelle*

10  *v. Gamble*, 429 U.S. 97, 105-06 (1976*).*

11         Here, Plaintiff generally alleges that he has "medical risks" but does not allege

12  what specific medical conditions from which he purportedly suffers.  However, to the

13  extent that Plaintiff claims Covid-19 is a serious and highly contagious virus, the Court

14  will assume that his medical needs were objectively serious.  *See McGuckin v. Smith*, 974

15  F.2d 1050, 1059 (9th Cir. 1991) (defining a "serious medical need" as one which the

16  "failure to treat ... could result in further significant injury or the 'unnecessary and

17  wanton infliction of pain.'"), overruled on other grounds by *WMX Techs., Inc. v. Miller*,

18  104 F.3d 1133 (9th Cir. 1997) (en banc) (citing *Estelle*, 429 U.S. at 104); *Iqbal*, 556 U.S.

19  at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

20  claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570).

21         However, even assuming Plaintiff's medical issues were "objectively serious"

22  medical conditions, nothing in his Complaint supports a "reasonable inference that [any

23  individual] defendant" acted with deliberate indifference to his plight. *Iqbal*, 556 U.S. at

24  678. "In order to show deliberate indifference, an inmate must allege sufficient facts to

25  indicate that prison officials acted with a culpable state of mind." *Wilson v.  Seiter*, 501

26  U.S. 294, 302 (1991). The indifference to medical needs also must be substantial;

27  inadequate treatment due to malpractice, or even gross negligence, does not amount to a

28  constitutional violation. *Estelle*, 429 U.S. at 106; *Toguchi v. Chung*, 391 F.3d 1051, 1060

1   (9th Cir. 2004) ("Deliberate indifference is a high legal standard.").

2        In his Complaint, Plaintiff argues that providing social distance is the "only way to

3   control the virus." (Compl. at 8.) However, Plaintiff also acknowledges that he was

4   informed by Defendant Phillips that the CDCR understood his "concern for [his] health

5   and life" and informed him of the "steps they are taking to protect the inmate

6   population." (*Id.* at 6.) Plaintiff does not identify what these steps are or how they are

7   inadequate to protect his safety. "[P]rison officials who actually know of a substantial

8   risk to inmate health and safety may be found free from liability if they responded

9   reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at

10  844. Here, there appears to be a response by CDCR officials to the Covid-19 virus,

11  however, Plaintiff only alludes to this response and merely indicates that the response is

12  not enough. The Court finds that Plaintiff has failed to allege sufficient facts to

13  demonstrate that the CDCR's official response to Covid-19 virus was unreasonable.

14       Deliberate indifference "is a high legal standard," and claims of a difference of

15  opinion concerning the course of treatment are insufficient to establish a constitutional

16  deprivation. *Toguchi*, 391 F.3d at 1060. Here, the Court finds that Plaintiff's opinion

17  that social distancing is the only way to prevent the spread of the virus is a difference of

18  opinion with CDCR officials, and he has not alleged that any of the named Defendants

19  acted with deliberate indifference to his plight by "knowing of and disregarding an

20  excessive risk to his health and safety" with respect to the decision to prevent the spread

21  of the virus with other methods. *Farmer*, 511 U.S. at 837; *Iqbal*, 556 U.S. at 678.

22       Therefore, the Court finds that Plaintiff has failed to state an Eighth Amendment

23  claim upon which relief may be granted.

24       C.    Leave to Amend

25       Because Plaintiff is proceeding without counsel, and he has now been provided

26  with notice of his Complaint's deficiencies, the Court will grant him leave to amend. *See*

27  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not

28  dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C.

§ 1915€(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## IV.    Motion for Preliminary Injunction

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." FED. R. CIV. P. 65(d)(2)(A)-(C).

Substantively, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

First, because Plaintiff's complaint has not survived the initial sua sponte screening required by 28 U.S.C. 28 U.S.C. § 1915(e)(2) and § 1915A, the United States Marshal has not yet been directed to effect service on his behalf, and the named defendants have no actual notice of either of Plaintiff's complaint or his motion for injunctive relief.

Therefore, the Court cannot grant Plaintiff injunctive relief because it has no personal jurisdiction over any defendant at this time. *See* FED. R. CIV. P. 65(a)(1), (d)(2); *Murphy Bros., Inc.*, 526 U.S. at 350; *Zepeda*, 753 F.2d at 727-28. A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication.") (citation and internal quotation omitted).

Second, in conducting its initial sua sponte screening of Plaintiff's Complaint, the Court has found it fails to state a claim upon which relief can be granted and has dismissed it without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims at this time.

Thus, because Plaintiff has failed to serve the required notice upon the adverse parties and has not shown a likelihood of success on the merits, the Court DENIES his motion for preliminary injunction and finds he is not entitled to the extraordinary injunctive relief he seeks. *See Dymo Indus. v. Tapeprinter, Inc.,* 326 F.2d 141, 143 (9th Cir. 1964) ("The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it.").

**V.    Conclusion and Order**

Accordingly, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

2.    **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $12.67 initial filing fee assessed, if those funds are available at the time this Order is executed, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account

exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.    **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 2).

5.    **DISMISSES** this civil action sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b) for failing to state a claim upon which § 1983 relief can be granted.

6.    **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

/ / /

/ / /

/ / /

7.      **DENIES** Plaintiff's Motion for Preliminary Injunction (ECF No. 4).

**IT IS SO ORDERED**.

Dated:  September 16, 2020

_____
Hon. Dana M. Sabraw
United States District Judge

9